## NAYLOR v. HARDY.

### No. 3769.

Court of Civil Appeals of Texas. El Paso.

Nov. 23, 1938.

Kemp, Nagle & Smith and Wyndham K. White, all of El Paso, for appellant.

Charles Windberg, Jr., and J. M. Goggin, both of El Paso, for appellee.

WALTHALL, Justice.

On the 30th day of July, 1937, a tank truck driven by an employee of A. R. Hardy, the owner of the truck, came in collision with an automobile truck driven by an employee of J. L. Naylor, the owner thereof, at the intersection of Magoffin Avenue and Cotton Avenue, each a public highway in the City of El Paso, Texas, in which collision Hardy's truck was damaged, and for which he sues Naylor to recover the damages he alleges he sustained to his truck, stating same, by reason of the collision, and for the value of the use of his truck, stating same, for a period of ten days during which time, he alleges, his truck was being repaired.

Naylor answered by general denial.

Hardy assigned as negligence on the part of Naylor's employee, and as proximately causing the collision and the re-

sultant damages to his truck, and which alleged negligence the court in the charge submitted to a jury: failure to keep a proper lookout, and whether such failure was negligence and a proximate cause of the collision; whether defendant's truck at the time of the collision was being driven upon the left-hand side of the highway, and was the highway not clear and unobstructed for a distance of fifty yards ahead, and if the jury so found, was such operation of defendant's truck negligence and a proximate cause of the collision; was it negligence·to operate defendant's truck at that time and place and at the speed at which it was operated, and if so, was it negligence and a proximate cause of the collision; was defendant's truck at the place of the accident operated at a greater speed than eighteen miles per hour; if it was, was such operation negligence and a proximate cause of the collision; were each of the two trucks immediately prior to the time of the accident approaching the intersection of Magoffin Avenue and Cotton Avenue, and if so, did the driver of defendant's truck fail to yield the right-of-way at such intersection to plaintiff's truck, and if so, was such failure negligence and a proximate cause of the collision; did the driver of defendant's truck, just prior to and at the time of the collision, fail ,to keep the truck under proper control, and if he did, was such failure negligence and a proximate cause of the collision; did plaintiff's truck enter the intersection of the two avenues before defendant's truck entered such intersection, and if it did so enter, did the driver of defendant's truck attempt to cross the street in front of plaintiff's truck, and if he did, was such attempt negligence and a proximate cause of the accident.

The court then submitted defendant's defensive issues upon each of which the jury found against defendant.

The jury found that the reasonable cost of repairing plaintiff's truck was $188.65, and that the value of the loss to plaintiff of the use of the truck during the time · it was being repaired, directly and proximately caused by the collision complained of, was $100, upon which verdict the court rendered judgment in favor of plaintiff in the sum of $288.65 and costs.

The court overruled defendant's motion for a new trial, and defendant prosecutes this appeal.

## Opinion.

We will designate the parties as plaintiff and defendant, as in the trial court:

Plaintiff pleaded "that by reason of said accident and negligence ˙ of defendant aforesaid and his said employee and driver, he was proximately caused to be without the use of said truck for a period of some ten days, during the time the truck was being repaired; that as a result thereof plaintiff was damaged in the sum of $100.00 which said sum is reasonable and which plaintiff is entitled to recover."

The pleading and the evidence show˙ that the collision occurred on July 30, 1937. The result to plaintiff's truck was that "it broke the radiator up and broke the water-pump, bent the hood all up, and it is a double windshield, broke both sides of the windshield and the glass on the driver's side, and tore both fenders up and broke off both headlights and bent the axle." The evidence shows plaintiff was not able to drive the truck off after the accident; by use of a "wrecker" it was taken to the place where it was repaired at plaintiff's expense of $188.65, which the evidence shows was a reasonable charge. The evidence further shows that the reasonable depreciation of the value of the truck in the El Paso market at the time and after the repairs had been made was $100. Plaintiff stated the use made of the truck and that "it was out of commission approximately ten days," and that the reasonable value of its use was between ten and fifteen dollars a day.

Defendant presents the proposition: "Plaintiff having failed to prove that the length of time the truck was laid up was reasonably necessary to effect the repairs to the truck, there was no evidence to support the issue." There was no such issue presented in plaintiff's petition, nor was there any evidence on any such issue, nor was any issue submitted to the jury, as to the length of time reasonably necessary to repair the truck. The issue of fact as to the time reasonably necessary to repair the truck was entirely omitted from the case, except that in his motion for a new trial defendant, for the first and only time, called the court's attention to the want of such evidence.

In the absence of any pleading or evidence on the issue as to the time reasonably necessary to make the repairs on the truck, and in the absence of any

such issue submitted or requested to be submitted to the jury, we think the court will be presumed to have made such finding thereon, if necessary, as will support the judgment. The answers to issues made by the pleading and the evidence compel the judgment. Speer's Special Issues, § 424; Conlisk v. Collins, ·Tex.Civ. App.,·203 S.W. 462.

Defendant's propositions complaining of the lack of evidence and proof as to the time the truck was out of repair are overruled.

█ We think there was no error in submitting the measure of plaintiff's damage.

While plaintiff pleaded that this truck was "wrecked and demolished," he pleaded that it was repaired and the cost of such repairs.

We have found no reversible error and the case is affirmed.